UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ivan Pena,

                Plaintiff,

-against-

NY1 Transmissions Inc., and
Motke Barnes,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/23/2024__

23 Civ. 5672 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Ivan Pena, brings this action against Defendants, NY1 Transmissions Inc. and Motke Barnes, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.* Compl., ECF No. 1. On December 14, 2023, Pena requested a certificate of default, stating that he had served NY1 and Barnes via the New York Secretary of State and personal service, respectively, and that Defendants had failed to appear or answer the complaint. ECF No. 19. The Clerk of Court issued certificates of default the same day. ECF Nos. 20–21. However, on April 20, 2024, counsel for Defendants filed a notice of appearance and a memorandum of law requesting that the Court deny Pena's motion for a default judgment. ECF Nos. 30–31.

      It is "well established that default judgments are disfavored," and that there is a strong preference for resolving disputes on the merits. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). In deciding whether a default judgment should be issued, courts consider whether the default was willful, whether the plaintiffs would be prejudiced by the denial of the motion for default judgment, and whether the allegedly defaulting parties may have any meritorious defenses to the plaintiffs' claims. *See id.* at 170–71. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

      In light of the above standard, the parties shall confer about whether they intend to file a joint stipulation vacating the certificates of default. By **June 1, 2024**, the parties shall file such proposed joint stipulation or a joint letter indicating each party's position. The Court shall refer the matter to mediation by separate order. The show-cause hearing scheduled for July 16, 2024, is ADJOURNED *sine die*.

      SO ORDERED.

Dated: April 23, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge