UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ivan Pena,

                                Plaintiff,

        -against-

NY1 Transmissions Inc., and Motke Barnes,

                                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/18/2024___

23 Civ. 5672 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Ivan Pena, brings this action against Defendants, NY1 Transmissions Inc. and Motke Barnes, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.*  Compl., ECF No. 1.  On December 14, 2023, Pena requested and the Clerk of Court issued certificates of default against Defendants.  ECF Nos. 15, 16, 20, 21.  On April 20, 2024, counsel for Defendants filed a notice of appearance.  ECF Nos. 30.  The Court directed the parties to confer about whether, in light of the "strong preference for resolving disputes on the merits," they intended to stipulate to vacate the certificates of default.  ECF No. 33 (quoting *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001)).

By letter dated June 8, 2024, Plaintiff requested that "the Court keep the entry of default [in] place," "grant Plaintiff's motion for default judgment," and in the alternative, "award Plaintiff legal fees and costs as a result of Defendants['] default" if the certificates were to be vacated.  ECF No. 38 at 2.  Defendants opposed Plaintiff's requests.  ECF No. 39.

The Court referred the parties' submissions to the Honorable Sarah Netburn for a report and recommendation.  ECF No. 40.  Now before the Court are Plaintiff's objections to Judge Netburn's report and recommendation (the "R&R"), which recommends that Plaintiff's motions be denied, discovery deadlines be set, and the case be resolved on the merits.  *See* R&R, ECF No. 43; Pl. Objs., ECF No. 46.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."  *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted).

Plaintiff contends that the R&R "should not be adopted because it does not specifically address the required factors such as willfulness, prejudice[,] and meritorious defense" that he raised in his request to vacate the default.  Pl. Objs. at 2.  "[B]ecause defaults are generally

disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Defendants represent that their delay in appearing was "the product of mistaken belief that the matter had settled, and then looking for counsel to retain in its defense in this action."  ECF No. 31 at 9.  They further state that they intend to assert several potentially meritorious defenses, *id.* at 5–6, and that Plaintiff has not suffered any prejudice beyond mere delay, *id.* at 7–8.  The Court agrees that Plaintiff has not established that the delay "result[ed] in the loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citation and internal quotation marks omitted).

In keeping with the Circuit's "clear preference" for adjudicating cases on the merits, the Court adopts Judge Netburn's R&R in full.  The certificates of default at ECF Nos. 20–21 are VACATED, and Plaintiff's request for attorneys' fees associated with the motion practice is DENIED without prejudice.  The Court shall refer this matter to Judge Netburn for general pretrial purposes by separate order.

SO ORDERED.

Dated:  July 18, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

2